IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IMAGE RECOGNITION INTEGRATED SYSTEMS, INC. d/b/a I.R.I.S. INC.<br><br>    Plaintiff,,<br><br>v.<br><br>NUANCE COMMUNICATIONS, INC.<br><br>    Defendant . | Civil Action No.: 08-11067-DPW |

## NUANCE COMMUNICATIONS, INC.'S ANSWER TO PLAINTIFF IMAGE RECOGNITION INTEGRATED SYSTEMS, INC.'S COMPLAINT

Defendant, Nuance Communications, Inc. ("Nuance") answers the allegations of Plaintiff, Image Recognition Integrated Systems, Inc. d/b/a I.R.I.S. Inc.'s ("IRIS") as follows:

### BACKGROUND INFORMATION

1. Nuance admits that this action relates to the field of optical character recognition ("OCR") but otherwise denies the allegations of Paragraph 1.

### THE PARTIES

2. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies the same.

3. Nuance admits the allegations contained in paragraph 3.

1

## JURISDICTION AND VENUE

4. Nuance admits that IRIS' Complaint ("Complaint") alleges an action for a declaratory judgment that U.S. Patent Nos. 5,261,009 ("the '009 patent"), 5,381,489 ("the '489 patent") and 6,038,342 ("the '342 patent") (collectively, "Nuance Patents") are invalid and not infringed. Nuance admits that the Complaint alleges an action arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* and the declaratory judgment statute, 28 U.S.C. § 2201. Nuance denies there is an actual justiciable controversy between the parties with respect to alleged infringement, invalidity, or unenforceability of the Nuance Patents.

5. Nuance admits that this Court has subject matter jurisdiction over this matter.

6. Nuance admits the allegations contained in paragraph 6.

7. Nuance admits that venue in this Court is based on 28 U.S.C. § 1391(b) but asserts that the proper venue is the Northern District of California in which an earlier-filed action involving the same three Nuance patents is pending. Accordingly, Nuance has filed a Motion to Transfer this action to the Northern District of California (Dkt. No. 9).

## ACTUAL CONTROVERSY WITHIN THIS COURT'S JURISDICTION

8. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Nuance admits that its principal place of business is located in this judicial district and that it offers and sells its products in this judicial district. Nuance admits that it is the owner of the Nuance Patents and that it has asserted that these patents are infringed by products made, used, offered for sale and/or sold by ABBYY Software House, ABBYY USA Software House (collectively "ABBYY"), Lexmark International, Inc. ("Lexmark") and eCopy, Inc. ("eCopy"). Nuance admits that copies of the '009, '489, and '342 patents are attached as exhibits to IRIS' Complaint. Except as so admitted, Nuance denies each and every allegation contained in Paragraph 9.

10. Nuance admits that it filed a suit against eCopy in the U.S. District Court for the Central District of California (C. D. Cal. Case No. 2:08-cv-03423) alleging infringement of the Nuance Patents by eCopy making, using, selling and/or offering to sell at least eCopy's Desktop line of products. Nuance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and therefore denies the same.

11. Nuance is without knowledge or information sufficient to form a belief as to the truth of whether IRIS is in apprehension of suit, but otherwise denies the allegations of Paragraph 11.

12. Nuance denies there is an actual justiciable controversy between the parties as to the infringement of the Nuance Patents by IRIS or as to the validity or enforceability of these patents.

## CLAIM FOR RELIEF

13. Nuance incorporates by reference paragraphs 1-12 above.

14. Nuance denies the allegations in Paragraph 14.

15. Nuance denies the allegations in Paragraph 15.

16. With the exception of the emphasis added by IRIS, Nuance admits the allegations in Paragraph 16.

17. Nuance denies the allegations in Paragraph 17.

18. Nuance denies the allegations in Paragraph 18.

19. IRIS has inaccurately and incompletely portrayed the prosecution history of the '009 patent and on that basis denies the allegations in Paragraph 19.

20. IRIS has inaccurately and incompletely portrayed the prosecution history of the '489 patent and on that basis denies the allegations in Paragraph 20.

21. IRIS has inaccurately and incompletely portrayed the prosecution history of the '342 patent and on that basis denies the allegations in Paragraph 21.

22. Nuance denies the allegations in Paragraph 22.

23. Nuance denies the allegations in Paragraph 23.

24. Nuance denies the allegations in Paragraph 24.

25. Nuance denies the allegations in Paragraph 25.

26. Nuance admits that Exhibit G to IRIS' Complaint purporting to show a splashscreen of Nuance's OMNIPAGE 15 software does not mention the '009, '489, or '342 patent but otherwise denies the allegations of Paragraph 26.

27. Nuance denies the allegations in Paragraph 27.

28. Nuance admits that it has not specifically accused IRIS of infringing the Nuance Patents. Nuance is without knowledge or information sufficient to form a belief as to the truth of whether IRIS brand OCR software has been sold continuously since 1988 and whether eCopy switched to an IRIS OCR engine approximately 10 years ago. Except as so admitted, Nuance denies each and every allegation contained in Paragraph 28.

29. Nuance denies the allegations in Paragraph 29.

30. Nuance admits that it filed suit against ABBYY and Lexmark in the U.S. District Court for the Western District of Wisconsin alleging, *inter alia*, infringement of the Nuance Patents (W.D. Wis. Case No.: 08-cv-0042). Nuance admits that it filed a Notice of Dismissal Without Prejudice in that action, which was granted by the Court. Nuance admits that it filed suit against ABBYY and Lexmark in the U.S. District Court for the Central District of California alleging, *inter alia*, infringement of the Nuance Patents (C.D. Cal. Case No.: 2:08-cv-01097). Nuance admits that the Central District action was transferred to the Northern District of California (N.D. Cal. Case No. 3:08-cv-2912). Except as so admitted, Nuance denies each and every allegation contained in Paragraph 30.

31. Nuance admits it filed suit against Voice Signal Technologies in the Eastern District of Texas (E.D. Tex. Case No.: 5:06-cv-00071). Nuance admits that this action was transferred to the District of Massachusetts (D. Mass. Case No.: 07-cv-10363-PBS). Except as so admitted, Nuance denies each and every allegation contained in Paragraph 31.

32. Nuance denies the allegations in Paragraph 32.

33. Nuance admits that IRIS seeks the judgment described in Paragraph 33.

## DEFENSES AND COUNTERCLAIMS

Nuance reserves all defenses (including affirmative defenses) and counterclaims under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Nuance, Defendant prays for a judgment that

A. Denies the relief sought by IRIS in its Prayer for Relief;

B. Awards Nuance the costs of this action, together with reasonable attorneys' fees and disbursements; and

C. Awards Nuance such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury of this action.

Respectfully submitted,

By: /s/ Michael S. D'Orsi
Michael S. D'Orsi (BBO #566960)
Jeffrey M. Ernst (BBO #658831)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880 (tel.)
(617) 720-3554 (fax)

Of Counsel:

M. Craig Tyler
State Bar No. 00794762
WILSON SONSINI GOODRICH & ROSATI
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Voice: 512-338-5400
Facsimile: 512-338-5499

Dated: August 14, 2008

ATTORNEYS FOR DEFENDANT
NUANCE COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 14, 2008.

/s/ Michael S. D'Orsi
Michael S. D'Orsi

Dated: August 14, 2008